UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00014-MR

| TERRANCE TRENT, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| | ) |
| FNU BAERS, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

**I. BACKGROUND**

Pro se Plaintiff Terrance Trent ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On February 7, 2022, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants FNU Baers, a Case Manager; Chris Beicker, a Unit Manager; and Latrice Blackburn, a Disciplinary Hearing Officer (DHO), all identified as employees of Alexander. [Doc. 1 at 1-2]. Plaintiff alleges that, on May 6, 2021 at Alexander, Defendant

Baers was responding to an incident in B-pod involving another inmate, but instead hit Plaintiff's back with a baton "without cause or warning." [Id. at 2-3]. Plaintiff further alleges that Defendant Beicker "[i]interfered with the grievance process even after the grievance Board acknowledged his Mischief." [Id. at 4]. Finally, Plaintiff alleges that Defendant Blackburn "imposed numerous disciplinary sanctions even though she knew [Plaintiff] was not guilty in attempts to aid Baers." [Id.]. Plaintiff claims that Defendant Baers violated his Eighth Amendment right to be free from the use of excessive force and that Defendants Beicker and Blackburn violated his due process rights and committed "harmful interference." [Id.].

For injuries, Plaintiff claims injury to his back, injuries related to changes in custody status, and mental and emotional distress. [Id.]. For relief, Plaintiff seeks compensatory and punitive damages. [Id. at 5].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

## A. Excessive Force

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010).

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff states an Eighth Amendment claim against Defendant Baer.

### B. Due Process

Plaintiff vaguely alleges that Defendants Beicker and Blackburn violated his due process rights. To the extent that Plaintiff was subject to false disciplinary charges by Defendant Blackburn, Plaintiff does not have a constitutional right to be free from false disciplinary reports. See Lewis v. Viton, No. 07-3663, 2007 WL 2362587, at *9 (D. N.J. Aug. 14, 2007) ("The act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.") (citation omitted). To the extent that Defendant Beicker's alleged interference or any conduct by Defendant Blackburn may have affected the grievance procedure or outcome, Plaintiff does not have a constitutional right of access to grievance procedures. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.") (citation omitted). Moreover, there is no such thing as a claim for "harmful interference."

As such, Plaintiff has failed to state a claim for relief against Defendants Beicker or Blackburn on initial review and they will be dismissed

5

Case 5:22-cv-00014-MR   Document 9   Filed 03/18/22   Page 5 of 7

as Defendants in this matter.

## IV. CONCLUSION

In sum, Plaintiff's excessive force claim against Defendant Baers survives initial review and Plaintiff's claims against Defendants Beicker and Blackburn do not and will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter as to Defendants are hereby **DISMISSED without prejudice** for failure to state a claim, except for Plaintiff's Eighth Amendment excessive force claim against Defendant Baers, which passes initial review.

**IT IS FURTHER ORDERED** that Defendants Beicker and Blackburn are hereby **DISMISSED** as Defendants in this matter for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Baers, who is alleged to be a current or former employee of the North Carolina Department of Public Safety.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge