# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:22-cv-0014-MR

| | |
|---|---|
| TERRANCE TRENT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU BAERS, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Supplemental Complaint Request" [Doc. 19], which the Court construes as a motion to amend complaint, and Plaintiff's "Preliminary Injunction and Temporary Restraining Order Request" [Doc. 20], which the Court construes as a motion for preliminary injunction.

Pro se Plaintiff Terrance Trent ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina.[1] He filed a Complaint on February 7, 2022, under 42 U.S.C. § 1983, against Defendants FNU Baers,

---

[1] The docket in this matter currently reflects Plaintiff's address as Central Prison in Raleigh, North Carolina. In April 2022, the Clerk noted an address change for Plaintiff from Alexander to Central Prison based on then current information on the NCDPS inmate locator website. It appears, however, that Plaintiff was only housed at Central Prison briefly and has been returned to Alexander. The Court will direct the Clerk to update the docket accordingly.

Chris Beicker, and Latrice Blackburn based on events alleged to have occurred at Alexander. [Doc. 1]. Plaintiff's excessive force claim against Defendant Baers survived initial review and Plaintiff's due process claim against Defendants Beicker and Blackburn was dismissed for Plaintiff's failure to state a claim for relief. [Doc. 9]. Defendant Baers recently answered Plaintiff's Complaint, [Doc. 17], and the Court entered a scheduling order setting October 10, 2022 as the deadline to amend the Complaint, [Doc. 18].

Now before the Court are Plaintiff's motion to amend the complaint and motion for preliminary injunction. [Docs. 19, 20]. In his motion to amend, Plaintiff asks the Court to allow Plaintiff's "supplemental complaint" to proceed because it "is in relation to his original complaint" pursuant to Federal Rule of Civil Procedure 15(a). [Doc. 19 at 1]. In his purported supplemental complaint, Plaintiff names the following Defendants: Chris Beicker, S.R.G. Officer Morrison, Disciplinary Hearing Officer Jerry Laws, Mr. Duncan, Captain Hester, Unit Manager Poteat, and Warden Honeycutt.[2] [Id.]. Plaintiff recounts factual allegations against these Defendants that he contends support claims of retaliation and cruel and unusual punishment.

Plaintiff alleges that, since filing the Complaint in this matter in

---

[2] Plaintiff, however, does not name Defendant Baers in this supplemental complaint.

2

February 2022, he has been subject to retaliation by Beicker "and other defendants named in this complaint." [Id.]. Plaintiff, however, goes on to allege that the retaliation began when Defendant Beicker "interfere[ed] with the litigation process by tampering with the grievance process." [Id. at 2]. Then Plaintiff complains that, around the time that Baers assaulted him in May 2021, putative defendants Poteat and Morrison falsely claimed that Plaintiff tried to bring in contraband and that, in September 2021, Poteat suspended Plaintiff's tablet privileges because Plaintiff was consequently deemed a security risk. Plaintiff continues that, on August 15, 2022, Poteat extended his tablet restriction for another year, claiming that Plaintiff remains a security threat.

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. However, "a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. Id.

Here, Plaintiff presents what he calls a supplemental complaint in

which he purports to state claims against new and previously dismissed Defendants for conduct he initially alleges occurred after he filed his Complaint in this matter. He goes on to allege, however, that much of the conduct dated back to the time Defendant Baers allegedly assaulted Plaintiff. Regardless of the factual and legal incompatibility of Plaintiff's claims, he has failed to properly move to amend his Complaint. To amend his Complaint, Plaintiff must make a motion and submit a proposed amended Complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue and states all relief he is seeking. Furthermore, if Plaintiff amends his Complaint, the original Complaint would be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). The Court will, therefore, deny Plaintiff's motion without prejudice. Should Plaintiff wish to properly move to amend his Complaint within the deadline set by the Court, he may do so.

Plaintiff also moves for preliminary injunctive relief. [Doc. 20]. He asks the Court to order that he be transferred to another correctional facility to give Plaintiff "a fair opportunity to litigate without interference or retaliation by defendants at Alexander Correctional Institution." [Id. at 2]. Plaintiff wants

4

to be "free from interference with Court access and free of retaliation for litigating." [Id.]. He claims that he is being denied any access to a law library (presumably because his tablets privileges have been suspended) and "numerous other things that is very necessary for adequate litigation." [Id.].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Plaintiff's motion for preliminary injunctive relief fails. The Court has no authority to order that Plaintiff be transferred to another correctional facility. Plaintiff must seek such relief through the NCDPS. Plaintiff has

5

Case 5:22-cv-00014-MR   Document 23   Filed 09/06/22   Page 5 of 7

failed to show he is entitled to a preliminary injunction in any event. Plaintiff's only surviving claim from his original Complaint is against Defendant Baers for excessive force. The relief Plaintiff now seeks does not relate to that claim. Moreover, Plaintiff has failed to satisfy even the first element required for the Court to consider granting an injunction. That is, Plaintiff has not shown that he is likely to succeed on the merits of his claim. The Court cannot grant injunctive relief under these circumstances. The Court will, therefore, deny Plaintiff's request for injunctive relief.

In sum, the Court will deny the Plaintiff's motion to amend his Complaint without prejudice and will deny Plaintiff's motion for preliminary injunction.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 19] is **DENIED** without prejudice in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 20] is **DENIED**.

The Clerk is respectfully instructed to update the docket in this matter to reflect Plaintiff's current address as Alexander Correctional Institution, 633 Old Landfill Road, Taylorsville, North Carolina 28681.

**IT IS SO ORDERED.**

Signed: September 6, 2022

Martin Reidinger
Chief United States District Judge